FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 03, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA S., | No. 2:26-CV-00133-SAB |
|      Plaintiff, | |
|      v. | **ORDER REVERSING THE** |
| COMMISSIONER OF SOCIAL | **DECISION OF COMMISSIONER** |
| SECURITY ADMINISTRATION, | |
|      Defendant. | |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision, denying her application for social security benefits. Plaintiff is represented by Christopher Dellart. The Commissioner is represented by David Burdett and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, ECF No. 7, and the Commissioner's Brief, ECF No. 9.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

//

//

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

## I.    Jurisdiction

On July 20, 2023, Plaintiff filed an application for disability insurance benefits and well as supplemental security income, alleging disability beginning June 2, 2023. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on May 7, 2025, a telephonic hearing was held. Plaintiff participated and was represented by Margaret Schott. Daniel McKinney, vocational expert also participated. The ALJ issued an opinion on June 20, 2025 and found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and it denied the request on February 3, 2026. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on March 23, 2026. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 2

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 3**

they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

**IV.  Statement of Facts**

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

AT the time of the hearing, Plaintiff was forty-seven. She has two children. She suffers from depression and anxiety that began after the eleven years prior. Her mother passed away around the same time, and Plaintiff has struggled to deal with her death.

Plaintiff has a YouTube channel where she posts videos she has created, as well as reposting compilations of images. She reports that she spends about an hour a day on her channel and she can make between $800 to $1000 a month from her channel. Plaintiff struggles with self-care and will go for days without showering or brushing her teeth. She struggles with motivation. She testified that her husband performs the household chores and pays the bills. She does not drive because of her anxiety. She experiences headaches that occur about every other day. She used to refurbish furniture but does not do that anymore because it hurts her back. She occasionally experiences nausea and will wake up some mornings and vomit.

Prior to the alleged onset date, Plaintiff was working from home as a customer representative. She quit due to anxiety. She reported she was crying every day and would cry while trying to help the customers.

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 5**

## V.  The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 38-53.

At step one, the ALJ found that Plaintiff did not engage in substantial activity since July 20, 2023, the application date. AR 41.

At step two, the ALJ identified the following severe impairments: mild lumbar degenerative disc disease, headaches, major depressive disorder and generalized anxiety disorder. AR 41.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 41. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she is able to frequently climb ramps and stairs, stoop, kneel, crouch and crawl but only occasionally climb ladders, ropes or scaffolds.  She is able to tolerate occasional exposure to extreme cold, humidity, vibration, strong odors, gases, fumes and poor ventilation but she must avoid working at unprotected heights.  She is able to understand, remember and carry out simple tasks and tolerate few changes in a routine work setting. She is able to interact occasionally with supervisors, co-workers and the public.

AR 44.

At step four, the ALJ found Plaintiff has no past relevant work. AR 51.

AT step five, the ALJ found there were jobs that exist in significant numbers I the national economy that the claimant can perform, including floor waxer, stores laborer, and marker. AR 52. Consequently, the ALJ found Plaintiff was not disabled from July 20, 2023. AR 53.

## VI.  Issues

1.  Whether the ALJ properly evaluated Plaintiff's symptom testimony?

2.  Whether the ALJ properly evaluated the medical opinions?

## VII.  Discussion

### 1.  ALJ's Evaluation of Plaintiff's Testimony

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony. The ALJ seemingly believed that because Plaintiff could post on YouTube, she could complete full-time work. This conclusion is not supported by substantial evidence in the record. Plaintiff stated that she spends between 30 minutes and one hour a day on her YouTube channel. She testified that many times she was not creating new content but was simply reposting images, and she was able to work on her channel from her bed or the couch. The ALJ also relied on the fact that Plaintiff could do arts and crafts. However, the record demonstrates the opposite—that Plaintiff likes to do arts and crafts but struggled to do so because of her depression and lack of motivation. The ALJ focused on isolated reports of improvement while ignoring the longitudinal record that demonstrated limited improvement where Plaintiff's symptoms waxed and waned, despite ongoing treatment. Instead, the record demonstrates that Plaintiff has not experienced any sustained improvements in her depression and anxiety, despite

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 7

persistently undergoing treatment for them. Moreover, there were many appointments where Plaintiff appeared unkempt and disheveled, which support her allegations that she struggles with self-care.

The ALJ's evaluation of Plaintiff's symptom testimony is not supported by substantial evidence in the record.

**2. Evaluation of Medical Opinions**

Plaintiff alleges the ALJ erred in evaluating the opinions of Brittanee Worthy, ARNP, Plaintiff's treatment provider and Dr Genthe, who performed a psychiatric evaluation of Plaintiff on February 9, 2024.

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. Id.

Supportability and consistency are further explained in the regulations:

(1) Supportability.
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 8**

The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

### a. Brittanee Worthy, ARNP

The ALJ found Ms. Worthy's opinion to be partially persuasive because they were generally supported by her examination results that show Plaintiff's affect was depressed and anxious at times but found her extreme and marked limitations were not persuasive because they were not supported by any objective findings or explanations. The ALJ rejected Ms. Worthy's opinion in part because it believed that Plaintiff spent "several hours" each day working on her YouTube channel. As set forth above, Plaintiff only spent between 30 minutes to one hour on the YouTube channel, and many times she was in bed or on the couch while working on it.

Ms. Worthy has been Plaintiff's primary care provider since July 2021. Ms. Worthy noted that when Plaintiff experienced panic attacks, she is unable to think timely or rationally. Her anxiety would prevent her from meeting deadlines, making decisions, exercising judgment, completing tasks, being criticized by supervisors, and getting to work regularly and remaining at work for a full day. Contrary to the ALJ's conclusions, Ms. Worthy's opinion was supported and consistent with the record, and therefore the ALJ erred in finding her opinion to only be partially persuasive.

### b. Dr. Genthe

The ALJ found Dr. Genthe's opinion regarding the claimant's ability to perform tasks with simple instructions to be persuasive because it is supported by examination results that show Plaintiff's memory was intact, and she appeared attentive even though she had moderate problems following the conversation and she was unable to spell a word backwards. The ALJ found Dr. Genthe's opinion

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 9

regarding the claimant's ability to respond to changes in the work setting to be not persuasive because it was not supported by his examination results that show the claimant was fully oriented, and her thought process was goal directed. The ALJ also found Dr. Genthe's opinion was not supported by Plaintiff's own reports that she could tend to her personal care, prepare meals and perform some household chores.

The ALJ's opinion is not supported or consistent with the record. Dr. Genthe noted that Plaintiff's affect was dysphoric and anxious. Dr. Genthe noted she had difficulties following the conversation. She was delayed in reaching the point and overly included details. He noted Plaintiff's level of understanding about the factors contributing to her illness is poor; her level of understanding for need for treatment is fair; her level of understanding of actions affecting her mental health is poor to fair; and her level of understanding for compliance for treatment is fair. These observations were based on Dr. Genthe's examination of Plaintiff and his limitations are consistent with his examination. Moreover, contrary to the ALJ's observation, the record is consistent that Plaintiff struggled with self-care, meal preparation and household chores because she lacked motivation and experienced anxiety. Thus, the ALJ erred in relying on rejecting Dr. Genthe's opinions because of this.

Dr. Genthe's assessment of Plaintiff is consistent with Ms. Worthy's opinions. Dr. Genthe's opinions are supported by the record. As such, the ALJ erred in finding that Dr. Genthe's opinion regarding Plaintiff's limitations with respect to her ability to function in the workplace was not persuasive.

**3. Conclusion**

The ALJ erred in discounting Plaintiff's symptom testimony by conflating her abilities to post on her YouTube channel to full-time work, while ignoring her struggles with self-care and completing household chores because of her ongoing depression and anxiety. Moreover, the ALJ erred in discounting Ms. Worthy's and

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 10**

Dr. Genthe's opinions. If these were properly credited, it is clear that Plaintiff is unable to complete full-time work and therefore is disabled. As such, there is no need to develop the record or convene further administrative proceedings. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). Therefore, a remand for the immediate award of benefits is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Opening Brief, ECF No. 7, is **GRANTED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 9, is **DENIED**.

3. The decision of the Commissioner is reversed and remanded for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 3rd day of August 2026.



_____
Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 11